Matter of Stoll v Levitin (2025 NY Slip Op 04997)

Matter of Stoll v Levitin

2025 NY Slip Op 04997

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LILLIAN WAN
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2023-08725
2024-01964
 (Docket No. O-2694-23)

[*1]In the Matter of Michelle Stoll, respondent,
v
Joshua Levitin, appellant.

Whiteman Osterman & Hanna LLP, Albany, NY (J. Rochelle Cavanagh and Brian J. Palamar of counsel), for appellant.
Capetola & Divins, P.C., Williston Park, NY (Barry J. Fisher and Cheryl L. Jakinovich of counsel), for respondent.
Risa K. Kass, Tarrytown, NY, attorney for the child J.L.
Stacy Sabatini, New City, NY, attorney for the child R.L.
Jessica Bacal, Mount Kisco, NY, attorney for the child W.L.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 8, the father appeals, (1) by permission, from a temporary order of protection of the Family Court, Rockland County (Rachel E. Tanguay, J.), dated September 7, 2023, and (2) a temporary order of protection of the same court dated January 30, 2024. The temporary order of protection dated September 7, 2023, inter alia, directed the father to stay away from the parties' children, to refrain from harassment and reckless endangerment, and to refrain from communication or any other contact by mail, telephone, email, voicemail or other electronic or any other means with respect to the children. The temporary order of protection dated January 30, 2024, extended the provisions of the temporary order of protection dated September 7, 2023, up to and including July 29, 2024. By decision and order on motion of this Court dated May 3, 2024, enforcement of the temporary order of protection dated September 7, 2023, as extended by the temporary order of protection dated January 30, 2024, was stayed with respect to the oldest child pending hearing and determination of the appeals or further order of the Family Court, Rockland County, whichever occurs first, and enforcement of so much of the temporary order of protection dated September 7, 2023, as directed the father to refrain from communication or any other contact by mail, telephone, email, voicemail or other electronic or any other means with the two younger children was stayed to the extent that the father was permitted daily contact with the two younger children each day at 6:00 p.m. PST, pending hearing and determination of the appeals.
ORDERED that the appeal from the temporary order of protection dated September 7, 2023, is dismissed, without costs or disbursements; and it is further,
ORDERED that the appeal from the temporary order of protection dated January 30, 2024, is dismissed, without costs or disbursements.
The appeal from the temporary order of protection dated September 7, 2023, must be dismissed, as that order was superseded by the temporary order of protection dated January 30, 2024, and imposes no enduring consequences on the father (see Matter of Nicholas M. [Robert M.], 224 AD3d 689, 690; Matter of Muhamad Omar W. [Jessica W.], 204 AD3d 453, 454). The appeal from the temporary order of protection dated January 30, 2024, must be dismissed, as that order is not appealable as of right, and leave to appeal has not been granted (see Famly Ct Act § 1112[a]; Matter of Lederman v Lederman, 208 AD3d 483, 484).
BARROS, J.P., WAN, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court